UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

SHAWN WADE, )
　)
　　Plaintiff, )
　)
　v. ) Case No. 2:18-cv-139
　)
CITY OF GARY and GERALD )
RICHARDSON, individually and in )
his Capacity as Gary Police Officer, )
　)
　　Defendants. )

**OPINION AND ORDER**

This matter is before the court on the Motion to Establish Extended Deadline at July 31, 2018 Settlement Conference [DE 32] filed by the defendant, City of Gary, on July 26, 2018. For the following reasons, the motion is **GRANTED**.

*Background*

The plaintiff, Shawn Wade, initiated this matter April 8, 2018. The court scheduled the Rule 16 Preliminary Pretrial Conference for July 13, 2018. On July 5, 2018, Wade served the City, but did not file with the court, a proposed Motion for Sanctions challenging the City's proposed amended answer to the complaint. At the pretrial conference, discussion was held, off the record, regarding the deadline to withdraw or correct the challenged answer. The court advised the parties that the deadline for the City to withdraw or correct the answer would be set at the settlement conference scheduled for July 31, 2018.

The City has filed the instant motion, as a matter of caution, because the extended deadline was not reflected in the record. Wade filed a response in opposition on July 26, 2018, and the City filed its reply on July 27, 2018.

*Discussion*

A court in its discretion may extend the deadline for a party to respond to a motion for sanctions beyond the normal 21-day safe harbor period. **Federal Rule of Civil Procedure 11(c)(2)**; *Divane v. Krull Elec. Co.*, 200 F.3d 1020, 1027 (7th Cir. 1999). In general, a court may extend the deadline for good cause "without motion or notice if the court acts . . . before the original time or its extension expires." **Federal Rule of Civil Procedure 6(b)(1)**.

Here, the court has exercised its discretion and provided for an extension of the requested deadline. The court advised the parties at the pretrial conference that the deadline would be set at the settlement conference if this matter was not resolved. Wade has cited the Northern District of Indiana's Local Rules, arguing that the City failed to comply with its requirements. Specifically, Wade cites to **N.D. Ind. L.R. 6-1** which provides:

> (a) By Motion. Ordinarily, requests for an extension of time not made in open court or at a conference must:
>
> > (1) be made by written motion;
> >
> > (2) state the original deadline and the requested deadline;
> >
> > (3) either:
> >
> > > (A) state that there is no objection; or
> > >
> > > (B) describe the requesting party's efforts to get opposing attorneys to agree to the extension if there is an objection.

However, these requirements do not apply to the instant matter that is before the court, as well as Wade's arguments pursuant to Rule 6(b) of the Federal Rule of Civil Procedure. The City is not requesting an extension, but merely requesting that the court memorialize the extension that previously was granted at the pretrial conference by the court.

Based on the foregoing reasons, the Motion to Establish Extended Deadline at July 31, 2018 Settlement Conference [DE 32] is **GRANTED**.  The deadline to withdraw or correct the challenged answer will be set at the settlement conference scheduled for July 31, 2018, if necessary.

ENTERED this 30th day of July, 2018.

/s/ Andrew P. Rodovich
United States Magistrate Judge